CHARLES F. PEARCE, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 5606.   Promulgated March 10, 1927.

Income on cash receipts and disbursements basis determined.

*Charles F. Pearce, Jr.*, pro se.
*J. W. Fisher, Esq.*, for the respondent.

The Commissioner, in his letter dated June 29, 1925, has asserted
a deficiency in the income tax of this petitioner for the calendar
year 1922, in the amount of $151.14.

The petitioner alleges that the Commissioner erred in that the
amount of income on which the deficiency tax is based represents
income not received during the calendar year 1922.

FINDINGS OF FACT.

Charles F. Pearce, Jr., an individual residing at Glencoe, Ill.,
was, during the year in question and also for the years prior and
subsequent thereto, employed by the Burton-Dixie Corporation of
Chicago, on the basis of a salary and bonus.   Pearce had an oral
agreement with the corporation that after the close of each year
he was to receive a cash bonus amounting to a certain percentage of
the net profits of the department of the business in which he was
engaged.   Neither Pearce nor the corporation knew what the
amount of the bonus would be until the books had been closed for
the year.

For the years prior to 1922 and up to the year 1925, the corpora-
tion closed its books as of December 31 of each year, but the closing
entries were never actually made prior to February of the succeed-
ing year, for it owned a large warehouse in Detroit and all the
necessary inventories and information could not be secured prior to
that time.

For the year ended December 31, 1922, the corporation actually
closed its books some time during February, 1923, and thereafter
paid Pearce a cash bonus in the amount of $1,363.05.   At the same
time the corporation credited to Pearce's account a stock bonus
amounting to $926.32.

The stock bonus account, the only account Pearce had with the
corporation, was carried on the books in accordance with an agree-
ment, made in 1917, between Pearce and the corporation, to the
effect that if Pearce remained in the employ of the corporation for
a period of eight years he should receive a certificate of stock and
that each year an amount designated as a stock bonus should be
credited to his account in payment for the stock.   It was further
agreed that if Pearce left or was discharged from the corporation

within the eight-year period, he should not receive the certificate of stock nor any part of the amounts credited to the said account.   In accordance with this agreement the certificate of stock was issued to Pearce in 1925.

Pearce actually received during the year 1922 all the salary due him for that year, in the amount of $5,625, and also a cash bonus of $102.55 for the year 1921.   The total of these two amounts, $5,727.55, was the only income actually received during 1922 by Pearce, who kept his books on a cash receipts and disbursements basis, and the said amount was reported in his income-tax return for that year and the tax thereon paid.

## OPINION.

TRUSSELL: The total amount of the deficiency is based upon the Commissioner's inclusion in petitioner's 1922 income of amounts representing cash and stock bonuses which were not received by petitioner nor ascertainable in amount by him during the taxable year 1922.

Under the authority of the *Appeal of M. E. Farr*, 3 B. T. A. 110, holding that a taxpayer on a cash receipts and disbursements basis may be taxed only on the amount of income actually received during the taxable year, and under authority of the *Appeal of Anthony Schneider*, 3 B. T. A. 920, holding that stock received as a bonus or additional compensation is income in the year in which the certificate therefor is actually issued and delivered, there is no deficiency in tax for the year 1922.

*Judgment will be entered for the petitioner.*